UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-60066-cr-Damian/Valle

UNITED STATES OF AMERICA

v.

ASHLEY R. RIVERS
     a/k/a "Ashley Rad Hilliard,"

     Defendant,

_____/

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.   1.    The submission of discovery via USAfx includes a copy of the audio recording of a conversation had by the defendant.

     2.    Discovery submission pages 256-259 and 407-408 contain a portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

     3.    No defendant testified before the Grand Jury.

     4.    The defendant's prior criminal record has been uploaded via USAfx (Discovery submission pages 349-373).

     5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, have been provided via a submission made on USAfx.

     6.    A report analyzing and comparing the fingerprint sample provided by the defendant to other fingerprints from a previous arrest and from the Alien file have been uploaded via USAfx.

B.      DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.      The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.      The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.      No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b).  Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      No contraband is involved in this indictment.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.        Fingerprints from the Alien file, fingerprints for a previous arrest and the fingerprints from his arrest in this case have been identified as that of the defendant. Copies of the latent fingerprint cards are attached via the USAfx upload.

N.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to the Standing Discovery Order, Local Rule 88.10(b), and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense.

The attachments to this response are numbered pages 1-421. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   CHRISTOPHER KILLORAN
Christopher Killoran
Assistant United States Attorney
Florida Bar No. 27999
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Tel: (954) 660-5669
Email: christopher.killoran@usdoj.gov

cc:   Special Agent Mark Hanford, DSS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel for the defendant.

**<u>CHRISTOPHER KILLORAN</u>_____**
Christopher Killoran
Assistant United States Attorney