UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60066-DAMIAN

UNITED STATES OF AMERICA

v.

ASHLEY R. RIVERS

Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office")
and Ashley R. Rivers ("defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to all counts in the Indictment. The Indictment
charges the defendant with count 1: false statement in application and use of passport, in violation
of 18 U.S.C. § 1542; count 2: false claim of citizenship in order to vote, in violation of 18 U.S.C.
§ 1015(f); count 3: false information in voting, in violation of 52 U.S.C. § 10307(c); and count 4:
false information in voting, in violation of 52 U.S.C. § 10307(c).

2.     The defendant is aware that the sentence will be imposed by the Court after
considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter
"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will
compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines
will be determined by the Court relying in part on the results of a pre-sentence investigation by the
Court's probation office, which investigation will commence after the guilty plea has been
entered. The defendant is also aware that, under certain circumstances, the Court may depart

1

from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.     The defendant also understands and acknowledges that the Court may impose the following: for count 1, a statutory maximum term of 10 years' imprisonment followed by 3 years of supervised release, and the Court may impose a fine of up to $250,000 and may order forfeiture; for count 2, a statutory maximum term of 5 years' imprisonment followed by 3 years of supervised release, and the Court may impose a fine of up to $250,000; for count 3, a statutory maximum term of 5 years' imprisonment followed by 3 years of supervised release, and the Court may impose a fine of up to $10,000; and, for count 4, a statutory maximum term of 5 years' imprisonment followed by 3 years of supervised release, and the Court may impose a fine of up to $10,000.

4.     The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant for each count. The defendant agrees that any special

2

assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.    This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.    This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion or this recommendation, if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the

3

government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant

wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal form the United States.

9.     This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 7-23-25          By:  _____
                            Christopher Killoran, Esq.
                            Assistant United States Attorney

Date: 7/23/25          By:  _____
                            Huda Ajlani-Macri, Esq.
                            Attorney for Defendant

Date: 7/23/25          By:  _____
                            Ashley R. Rivers
                            Defendant